UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARRISH B. LEE,

                                 Plaintiff,                           06 Civ. 00827 (RJH)

          -against-                                **MEMORANDUM OPINION**
                                                         **AND ORDER**

LENDING TREE, et al.,

                              Defendants.

On September 29, 2006, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that this Court grant defendants' motion to dismiss the Complaint in the above-captioned case. Plaintiff brings this action pro se to recover damages in connection with a refinance loan for a property that he owns in Virginia. The plaintiff seeks damages for fraud, for violations of the Racketeer Influenced and Corrupt Organizations Act, and for violations of 42 U.S.C. §§ 1983 and 1986. Although the Report warned plaintiff that "[f]ailure to file timely objections will preclude appellate review" by the district court (Report at 18), this Court has not received any objections from plaintiff.

The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by

reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and

Defendant's objections and replies."  *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313,

316 (S.D.N.Y. 2002).  The court may then accept, reject, or modify in whole or in part

recommendations of the Magistrate Judge.  *See Nelson*, 618 F. Supp. at 1189.  If a party

fails to object to a report within 10 days of being served with the report, that party waives

their right to object and appellate review of the district court's decision adopting the

report, absent unusual circumstances, is precluded.  *See United States v. Male Juvenile*,

121 F.3d 34, 38 (2d Cir. 1997).

The Court finds that no clear error appears on the face of the record and hereby

adopts the Report, which is attached to this opinion for ease of reference.  The Court also

adopts the Report's recommendation that plaintiff be granted leave to amend the

Complaint to comply with the pleading requirements of Rule 9(b) of the Federal Rules of

Civil Procedure.  Because plaintiff has filed at least eight lawsuits in this district since

2002,[1] Judge Francis further recommended that the Court warn plaintiff that under Rule

11, parties must ensure that their claims have a sound basis in law and in fact.  (Report at

17.)

Accordingly, this Court grants plaintiff thirty (30) days from the date of this

Memorandum Opinion and Order to file an amended complaint.  This Court reminds

plaintiff that if he fails to comply with Rule 11's requirements by filing frivolous or

---

[1] *Lee v. Prestige Realty Associates*, No. 05 Civ. 3400 (GEL); *Lee v. Bank One*, No. 05
Civ. 3036 (VM); *Lee v. Deborah McIntosh*, No. 03 Civ. 3144 (MBM); *Lee v. Deborah
McIntosh*, No. 03 Civ. 2301 (DLC); *Lee v. Equifax Information*, No. 02 Civ. 8427 (TPG);
*Lee v. Trans Union Consumer Relations*, No. 02 Civ. 8288 (GEL); *Lee v. Experian*, No.
02 Civ. 8108 (GBD).

unsubstantiated claims, he is subject to monetary and non-monetary sanctions. *See In re Martin-Trigona*, 795 F.2d 9, 12 (2d Cir. 1986) (warning pro se litigant that court would impose monetary sanctions on him if he filed frivolous papers or proceedings); *see also In re McDonald*, 489 U.S. 180 (1989) (filing of frivolous pro se habeas writs uses up courts' limited resources).

SO ORDERED.

Dated: New York, New York
       January 23, 2007

Richard J. Holwell
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
PARRISH B. LEE,                     : 06 Civ. 0827 (RJH)(JCF)
                                    :
               Plaintiff,           :      REPORT AND
                                    :      RECOMMENDATION
_____ - against -                   :
                                    :
LENDING TREE, FIRST FRANKLIN        :
LOAN SERVICES d/b/a/ NATIONAL CITY  :
HOME LOAN SERVICES INC., LENDING    :
TREE SETTLEMENT SERVICES, NATIONAL  :
MORTGAGE  NETWORK, JOHN DUDEN, JOE  :
CONTRERAS, and MARK CHURCHILL,      :
                                    :
               Defendants.          :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE RICHARD J. HOLWELL, U.S.D.J.:

       Parrish B. Lee brings this action pro se to recover damages in
connection with a refinance loan for a property that he owns in
Norfolk, Virginia.  The plaintiff seeks damages for fraud, for
violations of the Racketeer Influenced and Corrupt Organizations
Act ("RICO"), and for violations of 42 U.S.C. §§ 1983 and 1986.
Defendant First Franklin Loan Services d/b/a National City Home
Loan Services ("First Franklin") submitted an answer.  The
remaining defendants now move to dismiss the Complaint.  For the
reasons that follow, I recommend that their motion be granted.

Background

       Defendant Lending Tree, LLC ("Lending Tree") operates an
online service that permits potential borrowers to enter their
financial information and receive loan estimates from various
lenders.  It appears that the plaintiff, who lives in New York

1

City, learned about Lending Tree through a television advertisement
and was referred, through Lending Tree's online service, to
National Mortgage Network.[1]   (Plaintiff's Answer to Motion
("Plaintiff's Answer") at 1).   National Mortgage Network then
arranged for Mr. Lee to receive a refinance loan through First
Franklin.  (Plaintiff's Answer at 1).  It is not clear when these
events took place.

The Complaint alleges that defendants Lending Tree, Lending
Tree Settlement Services, LLC ("Lending Tree Settlement Services"),
National Mortgage Network, John Duden, Joe Contreras, and Mark
Churchill (collectively, "the Lending Tree defendants") submitted
false documents to First Franklin in connection with this refinance
loan, falsely represented that they were direct lenders, and
falsely advertised lower interest rates than the plaintiff actually
received.   The Complaint also alleges that the Lending Tree
defendants and First Franklin used deceptive sales practices to
induce the plaintiff to sign the contract for his refinance loan
and that all of the defendants discriminated against him on the
basis of his race.  The Complaint does not describe the documents,
fees, interest rates, or deceptive sales practices to which the

---

[1] Individual defendants John Duden, Joe Contreras, and Mark
Churchill are National Mortgage Network employees and officers who
reside in California.  The plaintiff's complaint also appears to
seek damages from Jeff Stroup, another individual associated with
National Mortgage Network (Complaint at 4-5), but Mr. Stroup is not
named as a defendant, and there is no evidence that he was ever
served with process.

plaintiff objects.

The Lending Tree defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for improper venue pursuant to Rule 12(b)(3), for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), and on grounds of forum non conveniens.

Discussion

A. Personal Jurisdiction

Section 301 of the New York Civil Practice Law and Rules allows a court to exercise jurisdiction over a foreign corporation on any cause of action "if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotations and citation omitted).[2]

---

[2] It is not clear whether the "doing business" standard applies to individuals as well as corporations. See Laufer v. Ostrow, 55 N.Y.2d 305, 313, 449 N.Y.S.2d 456, 460 (1982) (assuming the applicability of § 301 to individuals without deciding the question because the individual defendant's contacts with the state were too insubstantial). The lower state courts are divided on the issue. Compare ABKCO Industries, Inc. v. Lennon, 52 A.D.2d 435, 440, 384 N.Y.S.2d 781, 783-84 (1st Dep't 1976) (holding that Beatles drummer Ringo Starr was doing business in New York) with Nilsa B.B. v. Clyde Blackwell H., 84 A.D.2d 295, 300-06, 445 N.Y.S.2d 579, 583-87 (2d Dep't 1981) (holding that § 301 was not intended to reach individuals). Here, as in Laufer, there is no need to resolve the issue, because, as explained below, the

Under certain circumstances, New York's long arm statute permits a New York court to exercise personal jurisdiction over a foreign individual or corporation that is not engaged in such a systematic and continuous course of business in the state. The long arm statute provides in relevant part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state . . . .

CPLR § 302(a)(1). Under this provision, a New York court may have personal jurisdiction over a non-domiciliary defendant if the defendant transacts business in New York and the cause of action arises out of that business activity. CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 387 (S.D.N.Y. 2006).

### 1. Individual Defendants

All of the individual defendants were served in California, where they are domiciled. The plaintiff fails to allege that any of the individual defendants ever conducted any business in New York, whether related or unrelated to the refinance loan in question. Accordingly, the motion to dismiss for lack of personal jurisdiction should be granted with respect to John Duden, Mark

---

plaintiff does not allege that the individual defendants had any contact whatsoever with the State of New York.

Churchill, and Joe Contreras.

        2. <u>National Mortgage Network</u>

_____National Mortgage Network argues that it is not subject to personal jurisdiction in New York because it is a California corporation not registered to do business in New York and does not solicit any business in New York. (Declaration of John Duden dated May 25, 2006, attached as Exh. 3 to Affidavit of William G. Scher dated May 25, 2006 ("Scher Aff."), at 1; Lending Tree Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defendants' Memorandum of Law") at 2). In order to defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff must make out a prima facie case of personal jurisdiction in his pleadings and affidavits. <u>CutCo</u>, 806 F.2d at 365. Those documents are to be construed in the light most favorable to the plaintiff, and all doubts are to be resolved in his favor. <u>Id.</u> As explained below, the plaintiff has failed to make out a prima facie case of jurisdiction over National Mortgage Network.

     In support of his argument that this Court has personal jurisdiction over National Mortgage Network, the plaintiff alleges that National Mortgage Network sent correspondence and loan applications to him at a New York address. (Plaintiff's Answer at 1). Mail or telephone communications from another state with a party in New York are not a sufficient basis for the exercise of personal jurisdiction under CPLR § 302(a)(1) unless the defendant

5

"projected himself by those means into New York in such a manner
that he purposefully availed himself of the benefits and
protections of its laws." Wilhelmshaven Acquisition Corp. v.
Asher, 810 F. Supp. 108, 112 (S.D.N.Y. 1993) (internal quotations
and citation omitted); accord Fiedler v. First City National Bank
of Houston, 807 F.2d 315, 318 (2d Cir. 1986); Broad Horizons, Inc.
v. Central Crude Ltd., No. 94 Civ. 1593, 1994 WL 623075, at *4
(S.D.N.Y. Nov. 9, 1994) (citing cases).  Without more, National
Mortgage Network's communications with Mr. Lee in New York City do
not provide a basis for personal jurisdiction over the defendant,
given that the deed of trust indicates that it is to be governed by
federal law and the law of the jurisdiction in which the property
is located.  (Deed of Trust attached to Complaint, ¶ 16).  The
plaintiff has failed to show that National Mortgage Network, by
mailing mortgage loan documents related to a property in Virginia
to the plaintiff in New York City, purposefully availed itself of
the benefits and protection of New York's laws.

The plaintiff also alleges that Lending Tree Settlement
Services acted as a "duly authorized representative" of National
Mortgage Network when it "arranged for the closing of [his] loan to
occur in the State of New York."  (Plaintiff's Answer at 1).
Section 302(a)(1) provides for jurisdiction over a non-domiciliary
who transacts business in New York through an agent.

A formal agency relationship is not required  . . . .
Rather, a plaintiff need only show that the agent

6

transacting business engaged in purposeful activity in
the state (1) that related to the transaction underlying
the lawsuit, (2) that was taken for the benefit and with
the knowledge of the defendant, and (3) over which the
defendant exercised some control.

Bankers Trust Co. v. Nordheimer, 746 F. Supp. 363, 367 (S.D.N.Y.
1990) (citing Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467,
527, N.Y.S.2d 195, 199 (1988)).  Even assuming that arranging for
a closing to occur in New York constitutes transacting business in
the state, however, the plaintiff has failed to allege facts
sufficient to show that Lending Tree Settlement Services acted as
National Mortgage Network's agent in doing so, particularly since
First Franklin, rather than National Mortgage Network, was the
lender.

Finally, the plaintiff alleges that National Mortgage Network
maintains a website "directed at soliciting national business," and
should therefore "reasonably expect that [the website is] directed
to and reviewed by New York consumers" such as himself.
(Plaintiff's Answer at 2).  The website (www.yes2loans.com) appears
to be an interactive website through which customers may apply for
loans, print applications for submission by mail or facsimile, and
check on the status of existing loans.  Such websites may provide
a basis for personal jurisdiction under § 302(a)(1), depending on
the level and nature of the exchange of information between the
defendant and users in New York.  Citigroup Inc. v. City Holding
Co., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000); see also Realuyo v.

7

<u>Villa Abrille</u>, No. 01 Civ. 10158, 2003 WL 21537754, at *6-7
(S.D.N.Y. July 8, 2003).  However, Mr. Lee does not allege that he
used the www.yes2loans.com site to apply for a loan or to transact
any business with National Mortgage Network.  Indeed, although he
notes that the website advertises National Mortgage Network's
services, he claims that he was referred to National Mortgage
Network by Lending Tree, rather than learning of their services
through the www.yes2loans.com website.  Therefore, the services
provided by National Mortgage Network through its website do not
constitute a basis for personal jurisdiction under § 302(a)(1) in
this case.

The motion to dismiss for lack of personal jurisdiction should
therefore be granted with respect to defendant National Mortgage
Network.

### 3. <u>Lending Tree and Lending Tree Settlement Services</u>

Lending Tree, LLC and Lending Tree Settlement Services, LLC
are organized under the laws of Delaware, with headquarters in
North Carolina.  (Defendants' Memorandum of Law at 11).  Lending
Tree Settlement Services is a wholly-owned subsidiary of Lending
Tree.  (Declaration of Thomas McLean dated May 25, 2006 ("McLean
Decl."), attached as Exh. 2 to Scher Aff., at 1).

Both companies are registered to do business in the State of
New York (McLean Decl. at 2), and the plaintiff alleges that
Lending Tree Settlement Services, LLC maintains an office in New

York City. (Plaintiff's Answer at 2). A local office and a license to conduct business in the state are classic indicia of doing business in New York. See Sporn v. Checkmate Boats, Inc., No. 87 Civ. 3423, 1989 WL 37656, at *2 (S.D.N.Y. April 13, 1989); New World Capital Corp. v. Poole Truck Line, Inc., 612 F. Supp. 166, 171 (S.D.N.Y. 1985); Pneuma-Flo Systems, Inc. v. University Machinery Corp., 454 F. Supp. 858, 861 (S.D.N.Y. 1978); Masonite Corp. v. Hellenic Lines, Ltd., 412 F. Supp. 434, 438 (S.D.N.Y. 1976)). The plaintiff's allegations that he responded to television advertising directed at New York citizens and that a Lending Tree Settlement Services representative administered the closing of his loan in New York City lend further support to his claim that Lending Tree does business in New York. (Plaintiff's Answer at 1). Furthermore, although the motion to dismiss states that "none of the defendants are subject to personal jurisdiction in New York" (Scher Aff. at 1), the defendants do not seem to dispute the plaintiff's contentions regarding Lending Tree's business activities in the State of New York.

For these reasons, the claims against Lending Tree and Lending Tree Settlement Services should not be dismissed for want of personal jurisdiction.

B. Venue

The Lending Tree defendants maintain that the plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1406(a) because

9

New York is not the appropriate venue for this action.

The defendants point out that venue is not proper under 28 U.S.C. § 1391(b)(1) because none of the defendants reside in New York. Under 28 U.S.C. § 1391(b)(2), however, a civil action not founded solely on diversity of citizenship jurisdiction may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred.[3] In order to determine whether venue is proper under 28 U.S.C. § 1391(b)(2), the court must first "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 432 (2d Cir. 2005) (citing Gulf Insurance Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005)). Second, the court must "determine . . . whether 'significant events or omissions material to those claims have occurred in the district in question." Id. (quoting Gulf Insurance Co., 417 F.3d at 357).

The plaintiff's claims derive from an allegedly fraudulent refinance loan transaction. Although the refinanced property is located in Virginia, the plaintiff alleges that Lending Tree Settlement Services administered the closing in Manhattan and that all correspondence and loan applications were sent to him at his Manhattan address. "When material acts or omissions within the

_____

[3] A similar venue provision applies to diversity cases as well. 28 U.S.C. § 1391(a)(2).

10

forum bear a close nexus to the claims, they are properly deemed
. . . substantial." Daniel, 428 F.3d at 433. Given that the
plaintiff claims that he was harmed by the defendants' fraudulent
statements regarding the loan, that these statements were mailed to
him in the Southern District of New York, and that the closing on
the loan occurred in the Southern District of New York, venue is
proper in this district. Cf. Bates v. C & S Adjusters, Inc., 980
F.2d 865, 868 (2d Cir. 1992) (receipt of debt collection notice a
substantial part of events giving rise to claim under Fair Debt
Collection Practices Act).

C.   Forum Non Conveniens

The Lending Tree defendants suggest that the appropriate forum
for this action is Virginia, rather than New York. However, they
do not seek a transfer under 28 U.S.C. § 1404(a), which permits a
district court to transfer a civil action to any other district
where it might have been brought, but instead seek dismissal of the
complaint based on the common law doctrine of forum non conveniens.
Since the enactment of § 1404(a), "the federal doctrine of forum
non conveniens has continuing application only in cases where the
alternative forum is abroad." American Dredging Co. v. Miller, 510
U.S. 443, 449 n.2 (1994). The defendants make no claim that the
appropriate forum in this case is outside the United States.
Therefore, forum non conveniens principles are inapposite.

11

      D.   Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw all inferences in favor of the plaintiff.  York v. Association of the Bar of the City of New York, 286 F.3d 122, 125 (2d Cir. 2002).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Drake v. Laboratory Corporation of America Holdings, 458 F.3d 48, 66 (2d Cir. 2006).

Rule 8 of the Federal Rules of Civil Procedure requires only that the plaintiff's claims be set forth in short and concise statements, detailed enough to afford the defendant sufficient notice to respond and raise a defense.  Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980); Broome v. Biondi, No. 96 Civ. 0805, 1997 WL 83295, at *2 (S.D.N.Y. Feb. 10, 1997).  Furthermore, pro se complaints are subject to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and should be interpreted to raise the strongest arguments that they suggest.  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Even when read liberally, however, the plaintiff's complaint fails to allege any facts that would entitle him to relief under RICO, 42 U.S.C. § 1983 or 42 U.S.C. § 1986.

"While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).

### 1. <u>42 U.S.C. § 1983</u>

In order to state a claim under § 1983, "a plaintiff must allege that he was injured either by a state actor or by a private party acting under color of state law." <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 323 (2d Cir. 2002) (citing <u>Spear v. Town of West Hartford</u>, 954 F.2d 63, 68 (2d Cir. 1992)). Here, the plaintiff has failed to allege any facts indicating that the actions of the defendants, all of whom are private companies or individuals, are "fairly attributable to the state." <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982) (quoting <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982)). Mr. Lee does not allege that the defendants acted under the authority of any government agency, or that the defendants conspired with government officials to deprive him of his constitutional rights. His § 1983 claim should therefore be dismissed.

### 2. <u>42 U.S.C. § 1986</u>

Section 1986 permits lawsuits against persons who refuse or neglect to aid in the prevention of the wrongs proscribed by 42 U.S.C. § 1985. In order to analyze whether the plaintiff has stated a claim under § 1986, the court must therefore first determine whether the plaintiff has stated a valid claim under §

13

1985. <u>Thompson v. New York</u>, 487 F. Supp. 212, 229 (N.D.N.Y. 1979) ("[A]bsent a legitimate claim under Section 1985, a plaintiff is without a claim for relief under Section 1986."); <u>Hodas v. Lindsay</u>, 431 F. Supp. 637, 645 (S.D.N.Y. 1977).  Section 1985 is divided into three subsections.  Section 1985(3), which permits recovery of damages where two or more persons conspire to deprive "any person or class of persons of the equal protection of the laws," is the only subsection of the statute that might apply here.[4]

In order to state a claim under § 1985(3), a plaintiff must allege that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' actions." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 267-68 (1993) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)); <u>see also</u> <u>Zemsky v. City of New York</u>, 821 F.2d 148, 151 (2d Cir. 1987).  Although the Complaint states that the defendants violated the plaintiff's civil rights "by knowingly commiting [sic] fraud against plaintiff . . . who is Afro-American" (Complaint at 5), Mr. Lee fails to allege that the alleged fraud was motivated by racial animus.

Furthermore, Mr. Lee does not allege any facts indicating that there was an agreement between any of the defendants to deprive him

---

[4] Subsection 1 deals with conspiracy to prevent an officer of the United States from performing his duties, and subsection 2 deals with obstruction of justice and intimidation of parties, witnesses, or jurors in a court proceeding.

of his constitutional rights.  "[A] 'complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'"  Gyadu v. Hartford Insurance Co., 197 F.3d 590, 591 (2d Cir. 1999) (quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983)).  Accordingly, the Complaint fails to state a claim under § 1985(3), and therefore also fails to state a claim under § 1986.

      3. RICO

In order to state a claim for damages under RICO, a plaintiff must first allege a violation of the substantive RICO statute, 18 U.S.C. § 1962, commonly referred to as "criminal RICO."  In order to do so, the plaintiff must "allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce."  Moss v. Morgan Stanley, 719 F.2d 5, 17 (2d Cir. 1983).  The plaintiff must then invoke RICO's civil remedies by alleging that he was "'injured in his business or property by reason of a violation of section 1962.'"  Id. (quoting 18 U.S.C. § 1964(c).

The complaint fails to allege any facts to support the plaintiff's claim that the defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961.  The plaintiff's

RICO claims should therefore be dismissed.

    D. <u>Failure to Plead Fraud With Sufficient Particularity</u>

    The first count of the Complaint alleges that the defendants committed fraud against the plaintiff, and the second alleges that the defendants used deceptive sales practices.  Rule 9(b) of the Federal Rules of Civil Procedure states that circumstances constituting fraud must be stated with particularity, meaning that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent."  <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1175 (2d Cir. 1993).  Conclusory averments of fraud are insufficient.  <u>See</u> <u>Grandon v. Merrill Lynch & Co.</u>, 147 F.3d 184, 193-94 (2d Cir. 1998).  "[A] plaintiff need not plead dates, times and places with absolute precision, so long as the complaint gives fair and reasonable notice to defendants of the claim and the grounds upon which it is based."  <u>International Motor Sports Group, Inc. v. Gordon</u>, No. 98 Civ. 5611, 1999 WL 619633, at *3 (S.D.N.Y. Aug. 16, 1999) (internal quotation and citation omitted).  Here, however, the Complaint, which contains purely conclusory allegations, does not provide the defendants with sufficient notice of the plaintiff's claim or the grounds upon which it is based.  The Complaint fails to identify the allegedly fraudulent statements, fails to identify the speaker, fails to state where and

when the statements were made, and fails to explain why the statements constituted fraud.

The plaintiff should by now be familiar with pleading requirements in federal court, having filed no less than eight lawsuits in this district since 2002.[5] However, although a court may dismiss a complaint for failure to comply with Rule 9(b)'s heightened pleading standard, "[l]eave to amend should be freely granted." <u>Acito v. IMCERA Group, Inc.</u>, 47 F.3d 47, 55 (2d Cir. 1995); <u>accord</u> <u>Luce v. Edelstein</u>, 802 F.2d 49, 56 (2d Cir. 1986) ("Complaints dismissed under Rule 9(b) are almost always dismissed with leave to amend.")(internal quotation and citation omitted). Accordingly, the plaintiff should be granted leave to amend the Complaint to comply with the pleading requirements of Rule 9(b). If he chooses to file another complaint, the plaintiff should note that Rule 11 of the Federal Rules of Civil Procedure requires parties to ensure that their claims have a sound basis in law and in fact, and it provides for monetary and non-monetary sanctions against parties who file frivolous or unsubstantiated claims.

<u>Conclusion</u>

For the reasons stated above, I recommend that the Complaint

---

[5] <u>Lee v. Prestige Realty Associates</u>, No. 05 Civ. 3400 (GEL); <u>Lee v. Bank One</u>, No. 05 Civ. 3036 (VM); <u>Lee v. Deborah McIntosh</u>, No. 03 Civ. 2301 (DLC); <u>Lee v. Deborah McIntosh</u>, No. 03 Civ. 3144 (MBM); <u>Lee v. Equifax Information</u>, No. 02 Civ. 8427 (TPG); <u>Lee v. Trans Union Consumer Relations</u>, No. 02 Civ. 8288 (GEL); <u>Lee v. Experian</u>, No. 02 Civ. 8108 (GBD).

be dismissed with respect to Lending Tree, Lending Tree Settlement Services, National Mortgage Network, John Duden, Joe Contreras, and Mark Churchill.   I recommend, however, that the plaintiff be granted leave to amend the Complaint with respect to his claim of fraud against Lending Tree and Lending Tree Settlement Services.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation.   Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, U.S.D.J., Room 1950, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.   Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         September 29, 2006

Copies mailed this date:

Parrish B. Lee
227 West 145th Street
Ground Level
New York, New York 10039

18

William G. Scher, Esq.
Garbarini & Scher, P.C.
432 Park Avenue South, 9th Floor
New York, New York 10016

Jeremy S. Johnson, Esq.
Bremer Whyte Brown & O'Meara LLP
20320 S.W. Birch Street, 2nd Floor
Newport Beach, CA 92660

Timothy J. Fierst, Esq.
Buchanan Ingersoll, P.C.
One Chase Manhattan Plaza, 35th Floor
New York, New York 10005

19